UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60514-MC-MARRA

In re:

TOUSA, INC. et al.,

_______________________________________/

**OPINION AND ORDER**

This cause is before the Court upon Appellant Robert B. Morrison's Amended Motion for Leave to Appeal (DE 1). Appellee J. Beck and Associates, Inc., as Trustee for TOUSA Liquidation Trust, filed a response. No reply memorandum was filed. The Court has carefully considered the Motion and the response and is otherwise fully advised in the premises.

I. Background

The facts, based upon the parties' respective statement of facts in their appellate briefs and the appellate record, are as follows:

TOUSA Homes, Inc. ("Appellee" or "TOUSA") filed for bankruptcy protection on January 29, 2008. On February 20, 2009, an involuntary case under chapter 11 of the bankruptcy code was commenced against Superior Homes and Investments, Inc. ("Appellant" or "Superior"). In 2003 and 2004, TOUSA and Superior entered into two contracts, the Oakmont contract and the Regal Oaks contract. Every version of these contracts contain the identical language regarding the rights of Superior in the event of a default. The contracts state in pertinent part:

> in Buyer's sole discretion as a Buyer's sole and exclusive remedy for any such failure or breach, shall be entitled to either (i) terminate this Contract and receive from Escrow Agreement an immediate refund of so much of the Deposit as has not been applied to the Aggregate Purchase Price or (ii) exercise any and all rights and remedies available to the Buyer in equity, including, without limitation, the right of specific performance . . . provided, however, Buyer hereby waives any right it may now or in the future have, at law, in equity

> or otherwise, to seek or obtain money damages from Seller. Buyer acknowledges and agrees that Seller was materially induced to enter into this Contract in reliance upon Buyer's agreement to accept the forgoing limitation on its remedies in case of a failure to perform or breach of this Contract by Seller, and that Seller would not have entered into this Contract but for Buyer's agreement to so limit its remedies.

In conjunction with the execution of the Contracts, Superior made deposits of $2,341,002.02 on the Oakmont contract and $1,929,843.75 on the Regal Oak Contract. The contracts were executory at the time TOUSA filed its bankruptcy case.

In 2008, TOUSA rejected the contracts with Superior pursuant to 11 U.S.C. § 365(g).[1] The bankruptcy court approved rejection of the contracts, and TOUSA's performance under the contracts was excused. In 2010, Superior filed its proof of claim in TOUSA's bankruptcy case in the amount

---

[1] Title 11 U.S.C. § 365(g) provides:

> (g) Except as provided in subsections (h)(2) and (i)(2) of this section, the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease--
>
> (1) if such contract or lease has not been assumed under this section or under a plan confirmed under chapter 9, 11, 12, or 13 of this title, immediately before the date of the filing of the petition; or
>
> (2) if such contract or lease has been assumed under this section or under a plan confirmed under chapter 9, 11, 12, or 13 of this title--
>
> > (A) if before such rejection the case has not been converted under section 1112, 1208, or 1307 of this title, at the time of such rejection; or
> >
> > (B) if before such rejection the case has been converted under section 1112, 1208, or 1307 of this title–
> >
> > > (i) immediately before the date of such conversion, if such contract or lease was assumed before such conversion; or
> > >
> > > (ii) at the time of such rejection, if such contract or lease was assumed after such conversion.

11 U.S.C. § 365(g).

of $33,840.263.67. Two years later, TOUSA filed an objection to the claim, which was eventually followed by an amended motion for summary judgment on the objection.

On January 26, 2014, the bankruptcy court made the following rulings. First, it held that under section 365(g) of the bankruptcy code, the contracts were rejected by TOUSA. Thus, Superior was deprived of its specific performance. Next, the bankruptcy court turned to Florida state law to determine whether an alternative remedy was available under non-bankruptcy law for breach of contract. The bankruptcy court held that, by their express terms, the contracts bar Superior from recovering money damages as a result of breach by TOUSA. The bankruptcy court then applied Schachter v. Krzynwek, 958 So. 2d 1061 (Fla. Dist. Ct. App. 2007). In Schachter, the Florida state appellate court found that the buyer was entitled to monetary damages, notwithstanding a contractual limitation of remedies where the seller intentionally breached the contract to take advantage of a higher purchase offer from a third party. Schachter held that the contractual limitation of remedies did not preclude the buyer from recovering damages in the amount of the difference between the original buyer's offer and the higher price paid by the third party.

The bankruptcy court distinguished Schachter on the basis that TOUSA did not find a new buyer before closing and did not profit from the sale of properties for a higher price to Superior's detriment. Instead, the bankruptcy court noted that the driving factors in the failure of these transactions were the declining housing market and real estate prices. Furthermore, unlike here, the contract in Schachter contained no language barring money damages as part of any equitable remedy. The bankruptcy court also found that the limitation provision is neither unconscionable nor illusory, and Superior could have taken actions to prevent the perceived unjust results. In the end, the bankruptcy court granted Appellee's motion for summary judgment as to any claim for money

damages and reserved ruling on the claim for return of contractual deposits.

Appellant moves for leave to appeal. In so moving, Appellant argues that the bankruptcy court's order concludes all substantive issues of law that control the final adjudication of TOUSA's objection to Superior's claim; i.e., whether rejection of a contract under section 365(a), which eliminates a specific performance remedy, gives rise to a claim for damages despite language in the contract that limits the non-breaching party to specific performance. According to Appellant, the only issue remaining is the determination of the amount of the deposits. Appellant points to the Schachter opinion as demonstrating "a differing opinion as to the equities of a situation when one party to a contract effectively eliminates any meaningful remedy available to the other party." (Mot. at 7.) Finally, Appellant claims that interlocutory review would prevent an unnecessary trial on the amount of the remaining deposits.

In response, Appellee states that the waiver issues is not one of pure law on which there is a substantial difference of opinion. Specifically, the Appellee asserts that the bankruptcy order focused almost entirely on one case and Appellant has not identified any conflicting case law. Lastly, Appellee argues that the bankruptcy court must still adjudicate the deposit issue.

III. Discussion

District court are authorized to grant leave to hear appeals of interlocutory orders entered by a bankruptcy court pursuant to 28 U.S.C. § 158(a). However, that provision does not provide the district court with any criteria for determining how to exercise its discretionary authority to grant a leave to appeal. Therefore, a district court must instead turn to 28 U.S.C. § 1292(b) which governs discretionary interlocutory appeals from district courts to the courts of appeals. In re Charter Co., 778 F.2d 617, 620 n.5 (11th Cir. 1985). In order to grant interlocutory review under 28 U.S.C. § 1292(b),

a party must demonstrate that (1) the order presents a controlling question of law (2) over which there is a substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. See McFarlin v. Conseco Svcs., LLC, 381 F.3d 1251, 1255 (11th Cir. 2004).

Even applying these factors, the moving party still has "the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Coopers & Lyband v. Livesay, 437 U.S. 463, 475 (1978) (in discussing the role of the court of appeals in interlocutory appeals). Moreover, district courts should allow interlocutory bankruptcy appeals sparingly since interlocutory bankruptcy appeals should be the exception, not the rule. United States Trustee v. PHM Credit Corp., 99 B.R. 762, 767 (E.D. Mich. 1989). Put another way, "[r]outine resort to [section] 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases while generally retaining for the federal courts a firm final judgment rule." Caterpiller Inc. v. Lewis, 519 U.S. 61, 74 (1996) (internal quotation marks omitted).

With that in mind, the Court finds that there are not exceptional circumstances that compel the Court to grant the motion for interlocutory review. The Court finds that Appellant has failed to show that the matter raises a question of law in which there is a substantial ground for difference of opinion or that the immediate resolution of that issue would materially advance the ultimate termination of the litigation. The bankruptcy court focused almost exclusively on the Schachter case and neither the bankruptcy court nor Appellant has identified conflicting case law. Furthermore, permitting an interlocutory appeal of the bankruptcy court's summary judgment order will not materially advance the termination of the objection to the claim. As stated in the bankruptcy court's

order, the bankruptcy court left often the adjudication of how much of the deposits were due to be returned to Appellant. Indeed, even if Appellant were to prevail on an interlocutory appeal and additional monetary remedies became available to it, the deposit issue would still need to be addressed by the bankruptcy court and Appellant might later seek to appeal an adverse ruling on that issue. Thus, the likelihood of piecemeal appeals is high and the Court does not see how judicial efficiency would be served by such an approach.[2]

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Appellant Robert B. Morrison's Amended Motion for Leave to Appeal (DE 1) is **DENIED.** The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of April, 2014.

KENNETH A. MARRA
United States District Judge

[2] The Court rejects Appellant's "proposal," raised in a footnote, that the Court review the bankruptcy court's order under the "marginal finality" doctrine. (Mot. at 6.) Marginal finality is the "most extreme" exception to the final judgment rule and comes into play when an issue is "fundamental to further conduct of the case." In re F.D.R. Hickory House, Inc., 60 F.3d 724, 727 (11th Cir. 1995). The Court does not see how resolution of this issue is fundamental to how the remaining part of the bankruptcy case will be conducted. Moreover, Appellant will not be denied justice by refusing to hear its appeal now. The appeal can easily be taken after the adjudication of the amount of the deposits.